UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERRON PARKS,**

      **Plaintiff,**

      v.                               **Civil Action 2:21-cv-1921**
                                    **Judge Sarah D. Morrison**
                                    **Magistrate Judge Elizabeth P. Deavers**

**LT. SHANE SEXTON,** *et al.*,

      **Defendants.**

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action on April 19, 2021, but failed to file a Complaint. (ECF No. 1.) On May 19, 2021, the Court directed Plaintiff to file a Complaint within twenty-one (21) days and cautioned Plaintiff that "failure to do so may result in the Court dismissing this action without prejudice for failure to prosecute." (ECF No. 2.) To date, however, Plaintiff has not filed a Complaint. This matter is therefore before the Court for consideration of Plaintiff's failure to prosecute. It is **RECOMMENDED** that this action be **DISMISSED** without prejudice.

The Court's inherent authority to dismiss a plaintiff's action or particular claims within an action with prejudice because of his failure to prosecute is expressly recognized in Federal Rule of Civil Procedure 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Link v.*

*Walbash R. Co.*, 370 U.S. 626, 629 (1962). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax supported courts and opposing parties." *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal quotation omitted). "Rule 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal." *Steward v. City of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (citing *Link*, 370 U.S. 626 at 630).

Because Plaintiff has failed to file a Complaint or comply with a Court Order to do so, it is **RECOMMENDED** that the Court dismiss this case without prejudice for failure to prosecute.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed,

appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).


Date: June 17, 2021                             /s/ *Elizabeth A. Preston Deavers*
                                                **ELIZABETH A. PRESTON DEAVERS**
                                                **UNITED STATES MAGISTRATE JUDGE**